# SYDNEY H. SHERMAN

v.

# ESTEY ORGAN COMPANY.

MAY TERM, 1895.

*One may be in fact principal, although signing as surety. Chattel mortgage.*

1. The plaintiff claimed title through a chattel mortgage. The defendant insisted that the mortgage was void because the note secured was described as an absolute indebtedness, whereas, in fact, it was collateral for the payment of another note upon which the plaintiff was surety for the mortgagor. *Held*, that the evidence tended to show that the latter note was the debt of the plaintiff, although he signed the same as surety.

2. A mortgagee who takes possession of personal property under a chattel mortgage, valid between the parties, but invalid as to third persons, will hold it as against one who claims under bill of sale taken after notice in fact of the mortgage to secure an existing debt.

Trover for a quantity of lumber and wood. Plea, the general issue. Trial by jury at the March term, Windham county, 1895, ROWELL, J., presiding. The court directed a verdict for the defendant. The plaintiff excepts.

The plaintiff claimed title under a chattel mortgage of certain lumber and wood in Chesterfield, New Hampshire, given to secure a promissory note for two thousand five hundred dollars, signed by one Waite. It appeared that March

14, 1892, Waite desired to borrow two thousand five hundred dollars, and for that purpose applied to one Herrick, of Brattleboro ; that Herrick was willing to loan the money, provided he could obtain proper security, and that a note was then executed to Herrick and signed by Waite and by the plaintiff as surety. The note secured by the mortgage was executed upon the same day, and the claim of the defendant was that the latter note was in reality held by the plaintiff as collateral security for his liability upon the note to Herrick, and that, therefore, the chattel mortgage which described the note secured by it as an absolute indebtedness, was void. The plaintiff claimed that the note to Herrick was, by virtue of an arrangement between the parties, his absolute debt, and that therefore the note described by the chattel mortgage was the absolute debt of Waite to himself, and that mortgage was valid.

The plaintiff's testimony tended to show that in June, 1892, he notified the defendant that he held the mortgage in question ; that in December of that year he caused the mortgage to be foreclosed, bid off a large portion of the property himself and took possession of most of that which he bid off. The defendant claimed title under a bill of sale executed in July, 1892, by virtue of which it had taken possession of the property subsequently to the possession of the plaintiff.

*Clark C. Fitts* and *L. M. Read* for the plaintiff.

The mortgage was good as between the parties. Morrison's N. H. Digest, p. 105, s. 33 ; Pub. Stat. N. H., ch. 140, s. 12.

*Haskins & Stoddard* for the defendant.

The mortgage and oath described the liability secured as an absolute indebtedness, whereas in fact it was a collateral

liability.   Under the decisions of New Hampshire, which must govern in case of this mortgage, the mortgage was void.   *Parker* v. *Morrison*, 46 N. H. 280 ; *Belknap* v. *Wendell*, 31 N. H. 92 ; *Kennard* v. *Gray*, 58 N. H. 51 ; *Sumner* v. *Dalton*, 58 N. H. 295 ; *Page* v. *Ordway*, 40 N. H. 253 ; *State* v. *March*, 36 N. H. 196.

TAFT, J.   The testimony disclosed by the record had a tendency to show that the note given to Herrick, signed by Waite and the plaintiff as surety, was the plaintiff's note to pay, notwithstanding the word surety was affixed to his name.   The plaintiff testified that Herrick would advance the money provided he, the plaintiff, would "become responsible for it when due."   "That he was to be responsible for this money to Herrick."   Mr. Herrick deposed that he said "I wanted Sherman to understand thoroughly that I expected him to pay it the time it was due."   Now while it is true that the plaintiff, if he signed the note as surety, would be responsible for its payment, the language used is susceptible of the construction that he was to be more than a mere surety—that he was to be the principal in the transaction. This testimony, taken in connection with the fact that a different arrangement was made between the plaintiff and Waite, than the usual one between them when the plaintiff signed a note with Waite as surety, viz. :   That a note was given by Waite to the plaintiff for a like amount, and a mortgage given to secure it, had a tendency to show that the note held by Herrick was the note of the plaintiff to pay, and the note described in the condition of the chattel mortgage an absolute one, and not held as collateral.   Under such circumstances the chattel mortgage was valid.   The question should have been submitted to the jury.

The chattel mortgage, if null as to third parties, was valid as between the plaintiff and Waite.   The defendant had notice of it, and after notice took a bill of sale of the mortgaged

property to secure, or in payment of, a precedent debt. If the plaintiff took possession of the mortgaged property he could hold it as against the defendant, even if the mortgage was invalid as to third parties. The testimony tended to show that he took possession of a part of it.

For this reason it was error to direct a verdict.

*Judgment reversed and cause remanded.*