LOVELL, *Tr.*, v. CHARLESTOWN & *a.*

A town has power to take and administer a fund for the benefit of a worthy class of its inhabitants, though they are not strictly paupers.

A widow's waiver of the provisions of her husband's will in her favor does not affect the time of payment of other legacies payable by the terms of the will upon her death.

BILL IN EQUITY, for direction under a will. Asahel Porter, of Alstead, deceased on the 22d day of July, 1862, leaving a last will and testament dated February 10, 1862, which was duly admitted to probate. In said will are certain legacies, to take effect immediately after the death of the testator, which, with the debts and expenses of administration, have been paid. Besides said legacies, said will contains the following provisions, viz.: "After the payment of my debts and the payment of said legacy to widow Eliza A. Holton, the interest and income of all the rest and residue of my property I give and bequeath to my beloved wife, Martha S. Porter, both real and personal property, to have and to hold the same during her natural life, to be paid to

her in annual payments, and I hereby appoint my friend, Doctor Winslow B. Porter, trustee, to take charge of said estate, and to pay the income or interest arising thereon to my said wife.

" One thousand dollars of said principal, in the hands of said trustee, immediately on the death of my said wife, I give and bequeath to my oldest brother, Burrill Porter, and order that the same be paid over to him immediately on the decease of my wife, to hold to him and his heirs forever.

" Five hundred dollars of said principal, in the hands of said trustee, on the death of my said wife, I give and bequeath to Miss Jennette Poland, and order that the same be paid over to her immediately on the decease of my wife, to have and to hold the same to her and her heirs forever.

" All the rest and residue of my property, both personal and real, in the hands of said trustee, or otherwise not hereby disposed of at the decease of my wife, I give and bequeath to my native town, the town of Charlestown, in the county of Sullivan and state of New Hampshire, to be held by said town forever as a fund, the income and interest of which to be annually in the month of December in each and every year, forever under the direction and superintendence of the selectmen of said Charlestown, paid to and divided equally among all the widow ladies belonging at the time or residents of said town of Charlestown; meaning that no widow worth at any time over five hundred dollars shall take anything by this will; neither shall any widow take anything by this will, when she ceases to be a widow, or ceases to be an inhabitant of said town of Charlestown."

The widow of said testator, on the 7th day of October, 1862, in the probate court for said county, duly waived the provisions of said will in her favor. She died in January, 1891, and none of the legacies named in the portion of the will herein quoted have been paid.

August 17, 1877, the petitioner was appointed by the probate court trustee under said will, and as such trustee received, on October 13, 1877, $2,215.19, which sum with the accumulation thereof he now holds; and being in doubt as to the true construction of said will and the rights of the legatees and their representatives under it, asks the court to instruct him as to his duties, and how said fund shall be distributed, and more particularly on the following questions:

1. Is the bequest to the town of Charlestown of such a nature that said town can legally accept and hold the same?

2. Did the legacies of $1,000 and $500 become due and payable to the respective legatees upon the date of the waiver of the will, or upon the death of the testator's widow?

3. Do the accumulations of interest upon said legacies now belong to said town alone, as it claims, or do they belong to said Jennette Pratt, the representatives of Burrill Porter, and said town, in propor-

tion as they are entitled to receive the principal? Burrill Porter has died since the decease of the testator. The executors of his will, and also Jennette Poland (now Jennette Pratt), are made defendants to the action.

*Lovell, pro se.*

*I. Colby* and *H. W. Parker*, for Charlestown.

*Batchelder & Faulkner*, for Jennette Pratt and the executors of Burrill Porter.

ALLEN, J. 1. Is the bequest to Charlestown of such a nature that the town can legally accept and hold the same? The residuary bequest was to the town of Charlestown, to hold forever as a fund, and to pay the income annually in December each year, through the direction of the selectmen, to widows then residing in the town, no one of whom should be worth property valued at over five hundred dollars. The bequest is a charitable one, the objects of the testator's bounty are readily ascertainable, and there is no uncertainty in any part of the gift. But it is objected that a town has no legal power to administer a trust for special objects, or for the benefit of individuals specially named or a class of individuals. The town could administer a fund given for its schools or for instruction in particular branches of education, and for maintaining high schools; but they have not the legal power to manage and administer a fund given for the building of a meeting-house and for maintaining therein religious worship. *Chapin* v. *School District*, 35 N. H. 445. A town is required to support its poor persons, and it may receive and administer a gift for that purpose. Through its proper officers, it may make contracts for the support within the town of county paupers residing within its limits, and these contracts may be limited to individual cases, or may include all county paupers within the limits of the town. And it cannot be doubted that a town would have power to accept a bequest designated for the support or relief of individual cases of paupers, or classes of paupers specially named. All this is within the scope of the powers and duties of towns.

And towns and municipal corporations in this state may take and hold property in trust for any purpose not foreign to their institution, or incompatible with the objects of their organization. *Sargent* v. *Cornish*, 54 N. H. 18, and cases cited. A gift to a class of persons of limited means, like those named in the testator's bequest, is of a charitable nature, and is in no sense incompatible with the object of the town's organization. Though the town has no power to raise money by taxation for a purpose like that named in this bequest, it may take and through its selectmen administer a

fund for the benefit of a worthy class of its inhabitants, though not strictly paupers.

2. Did the legacies of $1,000 and $500 become due and payable to the respective legatees upon the date of the waiver of the will, or upon the death of the testator's widow ?    The construction of the will is the ascertainment of the testator's intention upon competent evidence.    *Kennard* v. *Kennard*, 63 N. H. 303.    The language of the bequests in this case is plain and unmistakable :  " One thousand dollars of said principal, in the hands of said trustee, immediately on the death of my said wife, I give and bequeath to my oldest brother, Burrill Porter, and order that the same be paid over to him immediately on the decease of my wife, to hold to him and his heirs forever."    The bequest to Jennette Poland of $500 is in the same language, with a repetition of the words " immediately on the decease of my wife."    By the use and natural force of language, the testator could have intended only that these legatees should take and come into the enjoyment of their legacies on the death of the testator's widow.    *Hinkley* v. *House of Refuge*, 40 Md. 461.    The bequests are not those of ordinary remainders after a life tenancy, where by a renunciation by the life tenant the estate in remainder is brought forward and attaches at once to prevent a lapse, there being nothing in the language of the will to show a different intention.    *Yeaton* v. *Roberts*, 28 N. H. 459 ;  *Hall* v. *Smith*, 61 N. H. 144.    In this case the estate in remainder, after the renunciation of the life estate by the widow, is upheld by a trustee as an executory bequest, and the intention of the testator that these legacies should not be paid until the death of the life tenant is too plain to be mistaken.

3. Do the accumulations of interest upon these legacies belong to the town alone, or to the two legatees and the town *pro rata ?*  The answer to the second question disposes of this.    The representatives of Burrill Porter, who has deceased since the testator, take $1,000 as of the date of the widow's death, and Jennette Poland takes $500 of the same date.    This is precisely what the testator intended, and neither the widow, nor any other person, had the power to change the amount or time of payment of these legacies, excepting as her waiver of the will might have diminished the legacies.    By the terms of the will these legatees were to have specific sums of money on the event of the death of the widow. They take that with interest from the time of her death until the legacies are paid.    The remainder of the fund will be paid to the selectmen of Charlestown, and they will administer the trust according to the terms of the bequest.

                                                    *Case discharged.*

CHASE, J., did not sit :  the others concurred.