## TOWN SCHOOL DISTRICT OF BARRE

v.

## E. B. COOK.

JANUARY TERM, 1896.

*School districts.   Action of town to recover money from
treasurer.   Division of funds among taxpayers
no defense.   Interest.*

1.  A town may maintain an action in assumpsit against the treasurer of a school district for money of the district in his hands, which became the property of the town when the district was abolished by No. 20, Acts of 1892.

2.  That the treasurer has divided the funds among the taxpayers pursuant to a vote of the district is no defense.

3.  Nothing further appearing, interest will run from the beginning of the suit.

Assumpsit.   Trial by court at the September term, 1895, Washington county, THOMPSON, J., presiding.   The court held that the suit should have been brought against the school district and gave judgment for the defendant.   The plaintiff excepts.

The action was for money in the hands of the defendant as treasurer of school district No. 11, in Barre, upon the abolishing of that district by Act No. 20, 1892.   The defendant had, pursuant to a vote of the district, before the commencement of this suit, distributed these funds among the taxpayers of the district.

*John W. Gordon* for the plaintiff.

The money in possession of the defendant belonged to the plaintiff and the district had no authority to dispose of it by dividing it among the taxpayers. Its action in that respect was void. *Town of Barre* v. *School District No. 13*, 67 Vt. 108, and cases cited in the opinion of the court and brief of the plaintiff. *Dickinson* v. *Linn*, 36 Pa. St. 431 ; *Anthony* v. *Adams*, 1 Met. 284 ; *Stetson* v. *Kempton*, 13 Mass. 272 ; *Kelley* v. *Bemis*, 4 Gray 83 ; Cooley's Const. Lim. 188 ; *Summer* v. *Beeler*, 50 Ind. 341.

Since the funds belonged to the plaintiff an action will be in its favor. · *Eagle Bank* v. *Smith*, 5 Conn. 37 ; *State* v. *St. Johnsbury*, 59 Vt. 332 ; *Brand* v. *Williams*, 29 Minn. 238 ; *Knapp* v. *Hobbs*, 50 N. H. 476 ; *Mason* v. *Waite*, 17 Mass. 574 ; *Pierce* v. *Crafts*, 12 Johns. 90 ; *State* v. *N. Y. Bank*, 55 Pa. St. 364 ; *Farmers, etc. Bank* v. *King*, 58 Pa. St. 364 ; *Barber* v. *N. Y. Nat. Bank*, 100 N. Y. 31.

*S. C. Shurtleff* for the defendant.

The action should have been against the school district. *Town of Barre* v. *School District No. 13 in Barre*, 67 Vt. 108.

TAFT, J.   By No. 20, Acts 1892, the common school districts in the town of Barre were abolished except for the settlement of their pecuniary affairs, and the town constituted a single district for school purposes. It was authorized to "take charge of the schoolhouses and the property belonging thereto, within their respective limits," and required to pay all outstanding debts that had accrued for the purchase of land, erection of schoolhouses and repairs thereon. The act required that all other indebtedness of any abolished district should be paid by such district in the settlement of its pecuniary affairs. No reference was made

in the act to any funds that might be, at the time of its passage, in the treasury of the abolished district. The abolished district No. 11 then had in its treasury five hundred and sixty-eight fifty one hundredths dollars and no indebtedness. The defendant was its treasurer and held the money. The plaintiff is the town district of Barre, and seeks to recover of him the moneys so held by him as treasurer of said district No. 11.

The plaintiff can collect the amount in a suit against the district. *Barre* v. *School District No. 13*, 67 Vt. 108. Can it maintain an action against the defendant to recover the funds he held as treasurer of the abolished district No. 11? The latter held the funds in trust for school purposes and for no other purpose. By force of Act No. 20, the plaintiff became its legal successor, and trustee in its place, with the right to take the trust funds in its hands and expend them in the execution of its trust, the support of common schools. The effect of the Act No. 20 was to vest the title of the funds in the plaintiff, and as the latter had the right of possession and the legal title, and the trust of the defendant as treasurer of the abolished district having ended, the property being in money, the plaintiff can maintain an action at law to recover the funds. *Lynde* v. *Davenport*, 57 Vt. 597 ; *State* v. *St. Johnsbury*, 59 Vt. 332. The attempted division of the funds, in the school district treasury, among the taxpayers, was null and no justification to the defendant for having paid them the money. The plaintiff is entitled to recover the sum in the defendant's hands, which is agreed to be two hundred forty-five fifty-seven one hundredths dollars, and as the date of the demand is not shown, with interest since the bringing of the suit.

*Judgment reversed and judgment for the plaintiff.*