Rockingham,  }
  Dec., 1897. }

### TOWLE v. NESMITH, *Ex'r.*

A bequest to a town for the use and benefit of " the poor widows, and children under ten years of age," is not void for uncertainty.

BILL IN EQUITY. Facts found by the court. Zoe A. Flanders died in 1885, leaving a will by which she made the plaintiff her residuary legatee, gave to her son Ransom, for life, the use of a tract of land and in a certain event a weekly sum out of her money in a savings bank, and further provided as follows :: " After said Ransom's decease, I direct that said land, of which said Ransom has the use, be sold, and the use of the proceeds, together with the use of the balance of the money in said bank, is to go to the town forever for the poor widows, and children under ten years of age, to buy for them meal, flour, and fish." Ransom died in 1894. The defendant is the executor of the will. The town declined to accept the legacy. The plaintiff alleges that the legacy is void for uncertainty. The defendant prays that a trustee may be appointed to take the place of the town.

*William S. Franklin*, for the plaintiff.

*Burnham, Brown & Warren,* for the defendant.

PIKE, J. The legacy to the town is for charitable uses. There is no uncertainty in respect to the beneficiaries. They are " the poor widows, and children under ten years of age," who are inhabitants of the town. They can easily be ascertained. *Gafney* v. *Kenison,* 64 N. H. 354, 356; *Lovell* v. *Charlestown,* 66 N. H. 584, 586.

A trustee should be appointed in place of the town.

*Case discharged.*

CHASE, J., did not sit: the others concurred.