SCHOOL DISTRICT No. 3 OF THE TOWN OF BETHEL *vs.* M. L. SHELDON, et al.

May Term, 1898.

Present:    ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

Opinion filed October 3, 1898.

*Trust—Legatee as Trustee.*—A fund was bequeathed to an incorporated school district to be invested and the income used for current school expenses.    The probate court appointed a trustee. *Held*, that there was no occasion for the appointment, for the legatee had full power to execute the trust.

*Trust—Chancery and Probate Jurisdictions.*—But neither was there any occasion for the legatee to apply to chancery to order the legacy paid to it, the probate court never having been applied to for that purpose.

CHANCERY.   Windsor county, April 12, 1898; *Tyler*, Chancellor; *pro-forma* decree sustaining the defendant's demurrer and dismissing the bill with costs.   The orator appealed.

*Hunton & Stickney* for the orator.

*Wm. Batchelder* for the executors.

*M. M. Wilson* for Guy Wilson, trustee.

START, J.   This cause was heard on the defendants' demurrer to the orator's bill.   It is alleged in the bill that the orator was incorporated as a graded school district by No. 166 of the Acts of 1886; that Albert Whitcomb deceased at Bethel leaving a will, by which he gave the orator "thirty thousand dollars, the principal to be safely invested and the income only to be used each year for the current expenses of the school," and which provided that if the gift was not accepted, or if its conditions should be violated, the same should be given to, and divided among the three grandchildren of his brother, the late Elias K. Whitcomb; that the will was duly probated and the gift accepted, with its conditions, by the orator; that, on the 12th day of February, 1897, the probate court for the district of Hartford appointed the defendant Guy Wilson trustee of the fund so bequeathed to the orator, and ordered the same paid to him and that he should hold the same in trust for the benefit of the orator, according to the terms of the will; and that the orator had no notice of any application, petition or motion for the appointment of a trustee of said fund.   The orator asks to have the legacy paid to it, and insists that the probate court, in appointing a trustee not named in the will, has exceeded its authority, and that its order, in that respect, is absolutely void and a nullity.

By the will the sum of thirty thousand dollars is given to the orator in trust. The purpose of the trust is declared in the will, and we think the testator intended the trust should be executed by the orator. The gift is direct to the orator, in trust. The principal is to be safely invested and the income only used for the current expenses of the school. It is clear the testator intended that the orator should accept the trust and perform the conditions attached to the gift, for he provides that if the gift is not accepted, or if its conditions are violated, the same shall be divided among his brother's grandchildren. The orator was incorporated for the purpose of providing educational advantages to the youth within its territorial limits, and it has power to execute the trust. *Town of Barre as School District* v. *School District No. 13 in Barre,* 67 Vt. 108. The testator by bequeathing the sum of thirty thousand dollars to the orator in trust, and defining the purpose of the trust, has named a trustee capable of taking and executing the trust; and there is no occasion for the appointment of a trustee by this court. The probate court has jurisdiction to decree distribution of the estate under the will, and the orator is capable of taking the money bequeathed to it and administering the trust.

The orator does not show by its bill that there is any occasion for the appointment of a trustee, or that it has resorted to the probate court for the recovery of the legacy, or that it has not an adequate remedy in that court; therefore, it does not make a case over which this court has jurisdiction, and the bill must be dismissed and the orator left to pursue its remedy in the probate court.

*The pro-forma decree of the court of chancery is affirmed, with costs, and cause remanded.*