## In re GEORGE CRAMTON'S WILL.

### Special Term at Rutland, November, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

#### Opinion filed January 9, 1915.

*Municipal Corporations—Capacity to Take and to Hold Property—Towns—Powers—Taxation.*

Municipal corporations may take real or personal property by gift, bequest, or devise for the purposes of their creation, and as a necessary incident to their corporate existence; and property so acquired may, in the absence of limitation in the statute or in the instrument under which the property is taken, be appropriated to any or all of the proper purposes of the municipality, and, if a gift be unqualified in terms, it will by operation of law be limited to such purposes.

The power of taxation possessed by a town is an attribute of sovereignty.

A town may take and administer a trust for any purpose not incompatible with the objects of its organization; and where the gift imperfectly specifies its objects, or wholly fails to specify them; the law limits the use of the property to the legitimate purposes of the corporation.

A bequest of two-thirds of the residue of an estate in trust to pay the income to designated beneficiaries for life, and upon their death to a designated town forever, and, if the beneficiaries predeceased

the testator, giving it to that town direct, without specifying the use to which it should be devoted, is valid.

APPEAL from a decree of the probate court distributing the estate of George Cramton, Barker L. Cramton, appellant. Heard at the March Term, 1914, Rutland County, *Miles*, J., presiding on the questions of law presented by the will. Decree of the probate court sustaining the bequest affirmed. The appellant excepted.

By the will in question, the testator, after making several bequests, bequeaths two-thirds of the residue of his estate to designated trustees in trust, the income thereof to be paid to designated beneficiaries, or the survivor of them for life, and upon the death of those beneficiaries the fund then in the hands of said trustees, "I give, devise and bequeath to the town of Tinmouth, in the County of Rutland and State of Vermont, to have and to hold unto it forever"; and, if said beneficiaries should predecease the testator, "I give, devise and bequeath the said remaining two-thirds of said residum of my said estate so willed to them, to the said town of Tinmouth direct."

*T. W. Moloney* and *M. C. Webber* for the appellant.

The gift to the town of Tinmouth is invalid: (1) for uncertainty; (2) because not expressed to be for a purpose germane to the corporate purposes of the town, and therefore not within the power of the town to take as given. *Town of Bennington* v. *Park*, 50 Vt. 178, 195; Remsen on Wills, p. 108, section 7; Dillon on Municipal Corporations (4th ed.) sections 567-573; *McDonough* v. *Murdock*, 15 How. 367; *Lovell* v. *Charlestown*, 66 N. H. 584, 32 Atl. 160; *Higginson* v. *Turner*, 171 Mass. 586; *Drury* v. *Natick*, 10 Allen 169, 182; *Webb* v. *Neal*, 5 Allen 575; *Nourse* v. *Merriam*, 8 Cush. 11, 19; *Green* v. *Putnam*, 8 Cush. 21; *Worcester* v. *Eaton*, 13 Mass. 371; *Vidal* v. *Phila.*, 2 How. 127; *Fosdick* v. *Town of Hempstead*, 125 N. Y. 581; *Hamden* v. *Rice*, 24 Conn. 350; *First Parish of Sutton* v. *Cole*, 3 Pick. 232; *Dunbar* v. *Soule*, 129 Mass. 284; *Sargent* v. *Cornish*, 54 N. H. 18; *Coggeshall* v. *Pelton*, 7 Johns, Ch. 292; Matter of Crane, 12 N. Y. App. 271; *Hathaway* v. *Sackett*, 32 Mich. 97; Trim's Estate, 168 Pa. St. 395; *Prickett* v. *People*, 88 Ill. 115; *Com.* v. *Wilder*, 127 Mass. 1; *Bullard* v. *Inhabitants of Shirley*, 153 Mass. 559; *Dick-*

*son* v. *United States,* 125 Mass. 311; *United States* v. *Hodson,* 10 Wall. 395.

Lawrence, Lawrence & Stafford for the appellee.

POWERS, C. J.    That municipal corporations are capable of acquiring and holding real and personal estate for the purposes of their creation is established beyond question.    They possess this power as a necessary incident of their corporate existence, for without it they would fail of full accomplishment of the objects of their establishment.    They may acquire such property in various ways; they are sufficiently individualized to take by gift, bequest or devise.    Dillon, Mun. Corp. §981; *Worcester* v. *Eaton,* 13 Mass. 371.    And the property so acquired may, in the absence of limitations in the statutes or the instrument of conveyance, be appropriated to any or all of the proper purposes of the municipality.    If the gift be unqualified by its terms, it will, by operation of law, be limited to such purposes.

*Dickson* v. *United States,* 125 Mass. 311, is full authority for these views.    In sustaining the validity of a testamentary gift of both real and personal property to the United States, without specifying the particular purpose to which it was to be devoted, the court said:  ''The property or money, when received by the United States, must doubtless be applied to public purposes authorized by the Constitution and laws.    But the right to receive money or property voluntarily contributed is not a separate power, but a capacity belonging to the United States as a body politic and incident to the right of sovereignty, and to which may be applied the words used by eminent judges in speaking of the implied capacity of the United States to enter into contracts.''    Nor does the court's reference to the sovereignty of the donee impair the value of the case as an authority here; for a town possesses enough of the attributes of sovereignty to make the entire statement applicable,—the power of taxation being an attribute of sovereignty, (Desty, Tax. §7) than which none ''is more pervading.''    Cooley, Const. Lim., *479.

The appellant insists, however, that the clause of the will here in question attempts to create a trust, and fails therein because the objects thereof are too indefinitely stated.

That a town may take and administer a trust for any purpose not foreign to its establishment, nor incompatible with the

objects of its organization, is established.  Dillon, Mun. Corp. §982; *Montpelier* v. *East Montpelier,* 29 Vt. 18; *Barre* v. *School District,* 67 Vt. 108; *Bethel* v. *Sheldon,* 71 Vt. 95; *Sargent* v. *Cornish,* 54 N. H. 18; *Lovell* v. *Charlestown,* 32 Atl. 160; *Skinner* v. *Harrison Township,* (Ind.) 2 L. R. A. 137.    In such cases, a town stands quite like certain private corporations of limited powers.  If the gift imperfectly specifies its objects, or wholly fails to specify them, the law supplies the deficiency by presumption, and limits the use of the property given to the legitimate purposes of the corporation.  This rule, as applied to such private corporations, is thus stated in 2 Perry, Trusts, (3 ed.) §733:  "A gift to a religious society, or to a charitable or educational institution, will be presumed to be a charitable gift, though no purposes are named, and such societies will be presumed to hold such gifts in trust for those religious and charitable purposes for which they exist."

Accordingly, in *Everett* v. *Carr,* 59 Me. 325, in speaking of certain masonic bodies to which testamentary gifts had been made, it was said:  "Being existent corporations, competent to take, a legacy may be given to them equally as to individuals. If made to them, it would be in aid of the object of their creation. If the legacies had been made to them by name and nothing more, no objection could be taken to their validity.  The allegation in the will, 'for charitable purposes,' is merely a reiteration of the alleged purposes of their corporate existence.  Merely stating the object of the donor to be coincident with the purposes for which the donee exists, cannot defeat the gift."

Again, in *Santa Clara Female Academy* v. *Sullivan,* 116 Ill. 375, 6 N. E. 183, speaking of a bequest to an educational institution, it was said:  "But it is claimed that, as the will of Mary A. Braley does not expressly declare that the property in question shall be used for educational purposes, therefore the devise is not for such purposes.  The Santa Clara Female Academy exists only for 'educational purposes', as declared by its charter, and a devise to that corporation we regard as a devise for educational purposes."

So, too, in *West* v. *Knight,* 1 Ch. Cas. 134, a will giving a legacy to a certain parish, without saying to what use it should be devoted, was sustained.    See, also, *Richardson* v. *Mullery,* (Mass.) 86 N. E. 319.

So, without now saying whether an absolute gift or a gift in trust was thereby effected, we hold that when the late George Cramton willed certain real and personal property to the town of Tinmouth, without specifying the use to which his benefaction was to be devoted, he made a valid disposition of the same, and that the judgment below was correct.

*Judgment affirmed. Let the result be certified to the probate court.*