## A. P. CHILDS v. THE MILLVILLE MUTUAL M. & F. INS. COMPANY.

*Practice. Accord and Satisfaction. Compromise. Interest. Equitable Assignee.*

1. The Supreme Court will not reverse or revise a former decision in the same cause, with the same facts.
2. The plaintiff and defendant having had a controversy as to what was due the former, he wrote to the latter to send him "such an amount as you feel inclined, which shall be accepted in full satisfaction of my claims." The defendant sent in response $268,31, which was retained by the plaintiff. *Held,* that it was an accord and satisfaction.
3. The plaintiff was an insurance agent for the defendant company. A fire loss having occurred on one of the policies which he had issued, he adjusted and paid it, without any obligation to do so, and without any knowledge or authority or ratification of the defendant. Afterwards on receipt of what he had paid, the plaintiff surrendered the policy duly receipted to the company, claiming no interest. *Held,* a full discharge of interest.

ASSUMPSIT. Plea, the general issue. Trial by jury, December Term, 1883, VEAZEY, J., presiding. Verdict ordered for the defendant.

39

*Butchelder & Bates,* for the plaintiff.

There was not an accord and satisfaction. *Preston* v. *Grant,* 34 Vt. 203 ; *Blair* v. *Ward,* 69 N. Y. 115 ; *Bolton* v. *Hillersden,* 1 Ld. Raym. 224 ; Her. Est. 341, 346 ; *Bliss* v. *Stewart,* 65 N. Y. 444 ; *Jewett* v. *Miller,* 10 N. Y. 403 ; *Brown* v. *Bowen,* 30 N. Y. 514 ; *Payne* v. *Burnham,* 62 N. Y. 69. The plaintiff was entitled to. the interest. *Spencer* v. *Williams,* 2 Vt. 209 ; *Seeley* v. *Spencer,* 5 Vt. 334 ; *Wright* v. *Allen,* 4 Vt. 572 ; *Shaw* v. *Clark,* 6 Vt. 507 ; *Wheeler* v. *Wheeler,* 11 Vt. 60 ; *McDaniels* v. *Lapham,* 31 Vt. 222 ; *Goodwin* v. *Follett,* 25 Vt. 386 ; *Willey* v. *Warden,* 27 Vt, 655.

*Cahoon & Hoffman,* for the defendant.

Every question in this case was passed upon by the court at the General Term, 1882. The court will not revise its former decisions, with the same facts. *Stacy* v. *Vt. Cen. R. R. Co.,* 32 Vt. 551 ; *Baker* v. *Belknap,* 39 Vt. 168 ; Rob. Dig. p. 350 ; *Herrick* v. *Belknap,* 27 Vt. 673 ; *Ross* v. *Bank,* 1 Aik. 43 ; *Dana* v. *Nelson,* 1 Aik. 253. The receipt of the money and the surrender of the policy constitute a full discharge of interest. *Ellsworth* v. *Fogg,* 35 Vt. 355 ; *Draper* v. *Hitt,* 439 ; Rob. Dig. p. 523.

The opinion of the court was delivered by

TAFT, J. This case shows that a controversy arose as to a claim of the plaintiff, for money paid upon the cancellation of policies in the defendant company. The parties disagreed as to the amount due the plaintiff. The plaintiff wrote the defendant to send him " such an amount as you feel inclined, which shall be accepted in full satisfaction of my claims for returned premiums against your company." The defendants sent in response the sum of $268.31, and this sum was retained by the plaintiff. This claim is precisely the one made at the former trial in this cause at the December Term, 1881. Exceptions taken at that trial were heard at the General Term of this court in 1882. It was then held that the correspondence disclosed an accord and

Childs *v.* Ins. Company.

satisfaction. The facts shown upon this trial were precisely those contained in the former bill of exceptions. This court will not reverse or revise a former decision in the same cause. *Stacy* v. *Vt. Cen. R. R. Co.*, 32 Vt. 551; *Sturges* v. *Knapp*, 36 Vt. 439. The plaintiff at the trial below presented a claim that he did not make upon the former trial. In the year 1880, he paid a loss under a policy issued by the defendant; the loss had been properly adjusted at the sum of $1,831. The plaintiff had no authority from the defendant to make the payment; he was under no obligation to make it; it was made without the knowledge or consent of the defendant. The defendant when informed of the payment made no objection thereto. The money was not paid at the defendant's request express or implied; and there was no subsequent ratification of the payment. The most favorable construction that the plaintiff could ask to have put upon his acts, is to be held the equitable assignee of the claim evidenced by the policy and the adjustment of the loss under it. He could not, by simply paying the claim, make the defendant his debtor against its will. The plaintiff so being the owner of the policy and the claim under it, surrendered it to the defendant, duly receipted, receiving the amount he paid, and claiming no interest. He now insists upon a recovery of the interest from the time he paid the claim until the account was paid him by the defendant. Admitting that he was entitled to interest, we think the case within the principle laid down in *Ellsworth* v. *Fogg*, 35 Vt. 355; and *Draper* v. *Hitt*, 43 Vt. 439. The receipt of the money and surrender of the policy should be held a full discharge of the claim.

Judgment affirmed.