## ST. JOHNSBURY & LAKE CHAMPLAIN R. R. CO. *v.* B. A. HUNT.*

*Railroad. Engineer. Malicious Prosecution. Evidence.*

1. The defendant brought an action and obtained a judgment against the plaintiff's engineer for injuries to his heifer, claimed to have been caused by negligence in running an engine; and while the writ was being served its train of cars was delayed for a short time. Thereupon the plaintiff commenced this action for malicious prosecution, alleging that the engine was properly managed at the time of the accident; that the defendant instituted his suit for the sole purpose of injuring the plaintiff by delaying its train; and the declaration was sustained on demurrer; *Held*, on trial of the merits, that evidence was admissible to prove that the plaintiff had neither fenced its road nor built cattle-guards for the purpose of showing that the defendant had a cause of action, and therefore probable cause.

2. ENGINEER. AGENT. An engineer is an *agent* within the meaning of the statute imposing a duty on railroads to fence their roads,—s. 3412 R. L.

3. A decision once made in a case is final and conclusive in that case; hence the judgment in the case of the defendant against the engineer is not admissible as tending to show that defendant had a cause of action against him.

---

* Heard, May Term, 1886.

4. MALICIOUS PROSECUTION. LEGAL ADVICE. The fact that the defendant, be fore commencement of his suit, took competent legal advice on a correct statement of all the material facts known to him or that he had reason to believe existed, and acted honestly upon it, believing he had a cause of action, affords probable cause, and is a defence.

ACTION on the case. Trial by jury, June. Term, 1885, Caledonia County, Ross, J., presiding. Judgment for the plaintiff.

The defendant Hunt brought a suit and recovered a judgment in a justice court against one Collins, the plaintiff's engineer, for injuries to his heifer struck by plaintiff's locomotive. Collins, while on duty, was arrested by an officer serving the writ, and the train of cars belonging to plaintiff was thereby delayed for a short time. This suit was brought to recover damages for such delay. *See* this case reported in 55 Vt. 570.

The defendant introduced evidence tending to prove that before he commenced his suit against Collins he consulted an attorney " of competence and integrity," and disclosed to him all the facts attending the injury, and the agency of said Collins in causing said injury; and asked the court to charge that such consultation and advice given by such attorney, if honestly followed, would make a full defence; but the court refused so to charge, but did charge that such conduct on the part of the defendant would only be proof tending to show that he acted in good faith, and believed he had a good cause of action against Collins.

To the charge as given on this point, and the refusal to charge as requested, the defendant excepted.

In the course of the trial the defendant offered in evidence a duly certified record of the proceedings, *Hunt* v. *Collins*, for the purpose of tending to show that the defendant Hunt had a cause of action against Collins, and to this the plaintiff objected, and the objection was sustained by the court; to which ruling the defendant excepted.

Declaration in part: " And the plaintiff says that the said defendant, well knowing that the said Collins was an engineer of the plaintiff, and then engaged in running one of the plain-.

tiff's engines and trains upon said railroad, and that the arrest and detention of the said Collins would delay the plaintiff's said engineer and train and greatly damage the plaintiff, on the 7th day of November, A. D. 1881, at Johnson aforesaid placed said writ in the hands of a deputy sheriff of said county of Lamoille, and wrongfully, with the sole purpose of harassing the plaintiff and delaying it in the operation of its said road and in the running of its trains, caused said deputy sheriff by virtue of said writ to stop the plaintiff's train, on which said Collins was then and there engineer, at an undue and improper hour, to wit, at the hour of three o'clock in the morning, and to arrest the body of said Collins while so running said engine and train of the said plaintiff, and to imprison the body of the said Collins for a long space of time, to wit : for the space of one hour, and thereby to deprive the plaintiff of its said engineer, and to delay and impede its said train for the same space of time, to the great damage of the said plaintiff."

*Gleed* and *Hunt*, for the defendant.

It was error in not allowing the defendant to prove that plaintiff had not fenced its road. R. L. s. 3412. An engineer is an agent within the meaning of the statute. R. L. s. 3412 ; Shearm. & Red. Neg. s. 468 ; *Suydam* v. *Moore*, 8 Barb. 358 ; *Corwin* v. *R. R. Co.* 13 N. Y. 42.

There was error in declining to charge that the advice of counsel under the circumstances would be a full justification to the defendant Hunt. 1 Am. Lead. Cas. 267 ; 13 Am. Law Reg. 394 ; *Blunt* v. *Little*, 3 Mason, 102 ; *Wills* v. *Noyes*, 12 Pick. 324 ; *Wilder* v. *Holden*, 24 Pick. 8 ; *Stone* v. *Swift*, 4 Pick. 389 ; *Ravenga* v. *Mackintosh*, 2 B. & C. 693.

The record of the judgment in Hunt's favor in the case of *Hunt* v. *Collins*, should have been admitted for the purpose it was offered. 13 Gray, 201 ; 1 Hill. Torts, 456 ; *Whitney* v. *Peckham*, 15 Mass. 243 ; 1 Wat. Tres. 98 ; 77 Ill. 164.

*Ide* and *Stafford*, for the plaintiff.

The plaintiff claimed (and the jury by their verdict found), that Collins was not in any way negligent in running his en-

gine, and was not to blame for the injury to the heifer. The plaintiff also claimed (and the jury by their verdict found), that Hunt in thus suing and arresting Collins, was actuated by the malicious motive of injuring and annoying the railroad company, and that he knew he had no cause of action against Collins.

The court properly refused to receive in evidence the record of the proceedings in *Hunt* v. *Collins*. The matter was *res inter alios*, and could not bind or affect the plaintiff in any way. The question was so decided in this same case when formerly before this court. See *St. Johnsbury & Lake Champlain R. R. Co.* v. *Hunt*, 55 Vt. 570.

The defendant claims that the judgment should be reversed for error in the charge of the court upon the question of the effect to be given to the evidence that the defendant consulted an attorney and followed his advice. By their verdict under the charge, the jury must have found that however many lawyers be consulted, the defendant brought the suit against Collins solely for the malicious purpose of injuring the railroad company. Even if Hunt had the right as to Collins to bring the suit and arrest him as he did (because he had been so advised by a lawyer), he had not the right as to the railroad company to proceed maliciously under cover of that right, to impede the railroad company in its business by stopping its trains.

The case is not the common case for malicious prosecution brought by the party prosecuted. It is a suit brought by third party to recover for an injury inflicted maliciously upon that third party through the instrumentality of a suit against an intermediate party. The doctrine of probable cause as established by evidence that the defendant consulted an attorney and followed his advice, has no application to such a suit. The jury did not give their verdict against the defendant because he sued Collins, but because he interfered maliciously with the plaintiff's business. They are not concluded by the erroneous advice he receives from a lawyer as to his right to sue Collins.

The opinion of the court was delivered by

ROWELL, J. The declaration alleges that the defendant had no cause of action against Collins, and as tending to show that he had, he offered to show that plaintiff had neither fenced its road nor built cattle-guards along where the heifer was killed, and that she got on to the track for want thereof. Although the defendant was not bound to show that he had a cause of action against Collins, for if he had probable cause to believe and did believe that he had, it was enough, and he might then lawfully sue and arrest Collins, as he did, even as against the plaintiff, though he did it with the motive alleged; yet, if he saw fit to assume the burden of showing that he had a cause of action, it was competent for him to do so, for as the greater includes the less, he would thereby be showing probable cause, and so the evidence should have been admitted if it bore on that question, as we think it did.

When a railroad is completed and in running order, it is the statutory duty of the company to fence it with good and sufficient fences; and until its fences and cattle-guards are duly made, the corporation *and its agents* are made liable for the damage done by its agents or engines to cattle on the railroad, if occasioned by want of such fences and cattle-guards. R. L. ss. 3409, 3412.

The question on this point is whether the word "agents," as first used in section 3412, includes engineers or not. The plaintiff contends that it does not, as they are the mere servants of the company, but embraces only those who by lease or other contract stand in place of the company, and control and operate the road. But we think the word should be given a broader meaning, and was intended to embrace such servants as engineers, who are in fact agents of the company, and are called so in section 3442, as are also firemen.

In *Clement* v. *Canfield*, 28 Vt. 302, it was contended that a lessee of a railroad company was not of the class of agents referred to in the statute, but that those only are embraced who are under the control of the company, as engineers, conductors,

and the like. In the opinion the Chief Justice seems to regard engineers and conductors as unquestionably embraced, and goes on to show that lessees are also embraced.

The New York statute of 1848 was precisely like ours in this respect, and recived a similar construction in *Suydam* v. *Moore & Losee*, 8 Barb. 358. That was an action against an engineer and a fireman for killing a cow. The company had not erected fences nor made cattle-guards where the cow got on to the track, and the accident was nearly or quite inevitable, but the defendants were held liable. The court said that this neglect of the company had greatly increased the defendants' liability, but that they were not bound to remain in its employment. That case is referred to approvingly in *Corwin* v. *The New York & Erie R. R. Co.* 13 N. Y. 50.

When this case was before the court on demurrer to the declaration—55 Vt. 570—it was held that there was nothing alleged to make the judgment in *Hunt* v. *Collins* an estoppel on this plaintiff. That judgment is now offered as evidence *tending* to show that Hunt had a cause of action against Collins. But if that judgment is *any* evidence in this behalf against the plaintiff it is *conclusive* evidence of probable cause for the suit in which it was rendered; *Hathaway* v. *Allen*, Brayt. 152; *Reynolds* v. *Kennedy*, 1 Wils. 232; *Cloon* v. *Gerry*, 13 Gray, 201—and as nothing now appears in this case to make that judgment conclusive on the plaintiff that did not appear before, the former decision on this point must stand, for a decision once made in a case is final and conclusive in the case in which it is made.

If before commencing suit against Collins the defendant took competent legal advice on a full and correct statement of all the material facts known to him, or that he had reason to believe existed, and acted honestly upon it, believing he had a cause of action, it is a defence here, because it affords probable cause for that suit; and the jury should have been so instructed. *Snow* v. *Allen*, 1 Stark. 502; BAYLEY, J., in *Ravenga* v. *Mackintosh*, 2 B. & C. 693; *Stone* v. *Swift*, 4 Pick.

389; *Stewart* v. *Sonneborn*, 98 U. S. 187; 1 Am. Lead. Cas. (4th ed.) 215; Bigelow's Lead. Cas. Torts, 200; Cooley Torts, 183.

Judgment reversed and cause remanded.