### SIDNEY H. SHERMAN *vs.* ESTEY ORGAN CO.

January Term, 1897.

Present: Ross, C. J., Taft, Rowell, Tyler and Munson, JJ.

*Sufficiency of Affidavit to Chattel Mortgage.*

This court will not reverse its own decision in the same case upon the same facts.

*Sherman* v. *Estey Organ Co.*, 67 Vt. 550, approved.

An affidavit, "that the foregoing mortgage is made for the purpose of securing the debt specified in the condition thereof and for no other purpose, and that the same is a just debt, due and owing from the mortgagor to the mortgagee," is not a compliance with the statute of New Hampshire, which requires the affidavit to state, "that said debt was not created for the purpose of enabling the mortgagor to execute said mortgage."

TROVER for wood and lumber. Plea, not guilty. Trial by jury at the September Term, 1896, Windham County, *Start*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The plaintiff claimed title to the wood and lumber by virtue of a chattel mortgage and a foreclosure sale to

himself thereunder, subsequent to which sale the defendant converted the same to its own use, claiming title thereto by virtue of conveyances, from other parties, of the land upon which said wood and lumber grew, and a bill of sale of the same from the plaintiff's mortgagor.

*K. Haskins* and *Waterman, Martin & Hitt* for the defendant.

*Clarke C. Fitts* and *L. M. Read* for the plaintiff.

The affidavit was a substantial compliance with the statute. Literal compliance was unnecessary. *Randall* v. *Baker*, 20 N. H. 335; *Comey* v. *Pickering*, 63 N. H. 126; *Gilbert* v. *Vail*, 60 Vt. 261.

The sufficiency of the affidavit was settled by the former decision. *Sherman* v. *Estey Organ Co.*, 67 Vt. 550.

Ross, C. J.  When this case was before this court, as found in 67 Vt. 550, it was held that the chattel mortgage from Waite to the plaintiff,—if it was executed for the purpose and under the circumstances which the plaintiff's testimony tended to establish,—was so far as regards the facts which that testimony tended to establish, valid.  The decision of this court upon a point in a case will not be departed from when the case comes again before the court, so long as the facts relevant to the point decided remain unchanged. *Ross* v. *Bank of Burlington*, 1 Aik. 43; *Dana* v. *Nelson*, 1 Aik. 252; *Herrick* v. *Belknap*, 27 Vt. 673; *Stacy* v. *Vt. Cent. R. Co.*, 32 Vt. 551; *Barker* v. *Belknap*, 39 Vt. 168; *Child* v. *Insurance Co.*, 56 Vt. 609; *St. Johnsbury, etc., R. Co.* v. *Hunt*, 59 Vt. 294.

(1)  No new facts relevant to whether the true relations of the plaintiff and of Waite to their note given to Herrick, upon which the plaintiff had written, "Surety" after his signature, could be shown by evidence *aliunde* the note, have been brought into the case since the decision.  That decision is conclusive upon this point.  The trial court properly admitted such evidence.

(2) Upon the former trial a verdict was ordered for the defendant at the close of the plaintiff's testimony. The exceptions then before the court show that only § 9 of chapter 140 of the laws of New Hampshire was admitted in evidence. This chapter relates to mortgages of personal property, and points out the manner in which they must be executed and recorded to be effectual against attaching creditors and purchasers. Section 9, in substance, provides, that if the mortgage is executed to secure the mortgagee for a liability other than a debt due to him from the mortgagor, the form of the oath given in § 6 of the chapter shall be so varied as truly to describe such liability. On this trial the whole of chapter 140 of the laws of New Hampshire was in evidence. The exceptions then did not include the form of the oath required by § 6 of that chapter. Hence the point whether the oath affixed to the mortgage given by Waite to the plaintiff complied, in substance, with the form of the oath prescribed by § 6 of chapter 140 of the laws of New Hampshire was not raised by those exceptions, nor was it considered by this court in the decision then made. The personal property mortgaged was located in New Hampshire, and the mortgage to be valid must be executed in accordance with the laws of that state. The mortgage from Waite to the plaintiff of the property, in contention, was executed in Windham County, and has upon it the form of oath prescribed by V. S. 2253, reading, "We severally swear that the foregoing mortgage is made for the purpose of securing the debt specified in the conditions thereof, and for no other purpose, and that the same is a just debt, due and owing from the mortgagor to the mortgagee." The oath prescribed by § 6 of chapter 140 of the laws of New Hampshire, and required to be taken by the parties to such mortgage, and recorded, reads, "We severally swear that the foregoing mortgage is made for the purpose of securing the debt specified in the condition thereof, and for no other purpose whatever, *and that said*

*debt was not created for the purpose of enabling the mortgagor to execute said mortgage,* but is a just debt honestly due and owing from the mortgagor to the mortgagee." The mortgage and note were admitted in evidence against the exception of the defendant. The defendant also excepted to the refusal of the court to comply with its request to charge that the mortgage was void under the laws of New Hampshire, because the oath, taken by the mortgagor and mortgagee, shown by the mortgage recorded, did not contain the clause, "and that said debt was not created for the purpose of enabling the mortgagor to execute said mortgage." Hence, the contention is, whether the omission of this clause, from the oath taken and recorded, rendered the mortgage, upon which the plaintiff relies to establish his title to the personal property, in contention, void under the laws of New Hampshire. Section 12 of chapter 140 of the laws of New Hampshire reads, "No such mortgage shall be valid against any person except the mortgagor, his heirs, executors or administrators, unless possession is delivered or the mortgage is sworn to and recorded in the manner herein prescribed." The decisions of the Supreme Court of New Hampshire, given in evidence, show that such mortgages, to be valid under the laws of New Hampshire, must be executed and recorded in substantial compliance with every provision of the statute; if the mortgage is given to secure the mortgagee for a debt due him from the mortgagor, the condition and oath must describe it as a debt; if to secure a liability, they must so describe it; and that a liability is not covered by the term debt; if the whole sum secured is described as a debt, when a part of it is merely an indemnity, unless separately described, the mortgage is void against creditors; but if they are separately described, the mortgage will be invalid only as to the part misdescribed. *Belknap* v. *Wendell*, 31 N. H. 92. If the proper oath is taken and the magistrate administering it neglects to sign the certificate, such mortgage is invalid

against attaching creditors, although the mortgage with the unsigned certificate is recorded. *Hill* v. *Gilman*, 39 N. H. 88. In this case it is held that the provisions of the statute in regard to the execution and record of such mortgages, "must, in general, be strictly complied with." *Parker* v. *Morrison*, 46 N. H. 280, holds that such mortgages cannot be given to a stranger to secure a debt due to another, and that the oath must verify the truth, validity and justice of the debt, or of the liability or of the agreement, or it will not be invalid, except between the parties. See also *Kennard* v. *Gray*, 58 N. H. 51; *Sumner* v. *Dalton*, 58 N. H. 295. These decisions hold that all the provisions of the statute in regard to the execution and record of such mortgages must be fully complied with to render them valid against anyone except the parties thereto. The clause omitted from the oath taken by mortgagor and mortgagee and recorded, in the case at bar, is not supplied by any other clause of the oath. It relates to the creation of the debt, and not to its justness between the parties. The mortgage might be given to secure the debt specified in its condition, and for no other purpose, and that debt might be a just debt, honestly due and owing from the mortgagor to the mortgagee and still the debt might have been created for the purpose of enabling the mortgagor to execute the mortgage. The omitted clause, therefore, contains a matter made essential, by the statute, to the validity of the mortgage between these parties, which is not supplied by any other clause of the oath taken and recorded.

The court should have complied with the request of the defendant in relation thereto. This view renders a consideration of the other questions discussed immaterial.

*Judgment reversed and cause remanded.*