## JOHN MCKINDLY *vs.* JOHN H. DREW.

### May Term, 1898.

Present: ROSS, C. J., TAFT, ROWELL, TYLER and MUNSON JJ.

Opinion filed October 1, 1898.

*Harmless Error, if Error.*—In an action for deceit in the sale of a policy of insurance, wherein the plaintiff might be entitled to recover back the premiums he had paid, it was proper for him to show when he first learned that he had been deceived; and although in showing this he was permitted to state what his counsel informed him as to the legal effect of the policy, the defendant was not prejudiced thereby, for the information was nothing more than what the defendant upon trial conceded to be the legal effect of the instrument.

*Harmless Error, if Error.*—A witness for the plaintiff, who was present by request of the defendant during a portion of the interview between the parties when the alleged false representations were made, was permitted to testify that he told the plaintiff that he had just taken such a policy and thought it a good thing. *Held*, that, whether strictly admissible or not, it could not have injured the defendant.

*Harmless Error, if Error.*—Upon the question of the value of the insurance to the plaintiff during the period when the policy was in force, an agent of another company was permitted to testify what the insurance could have been procured for in his company. The testimony may have been inadmissible, but it could have done no harm, as the plaintiff subsequently conceded that the value should be treated as a certain larger sum, and it was so treated by the jury.

*Discrediting Party on Cross-Examination.*—The plaintiff was entitled to discredit the defendant upon cross-examination by showing that the defendant's own version of the alleged fraudulent transaction was unnatural and unworthy of belief.

*Damages.*—The rule of damages announced when the case was here before —69 Vt. 210—was properly followed upon retrial below, the facts developed on both trials being essentially the same.

*Deceit.*—The defendant was not entitled to an instruction that the plaintiff could not recover if it should be found that the policy was read to him by the defendant; for there may be an actionable deceit concerning a technical writing whose terms are made known.

CASE. Trial by jury at the December term, 1897, Caledonia county, *Thompson*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

This was a second trial of the case reported in 69 Vt. 210, and the tendency of the plaintiff's evidence was the same as at the first trial. It did not appear that the plaintiff ever expressly refused to pay further premiums or offered to return the policy.

The defendant's requests were as follows: (1) The plaintiff having failed to prove a rescission of the contract the case affords no basis for a computation of damages beyond a nominal amount. (2) But if the court hold that the plaintiff is entitled to actual damages, then the defendant is entitled to recover the difference in value between the policy that he in fact received and the policy that was represented to him by the defendant for the period of two years—two years being the term of the policy under the election of the plaintiff, he having elected to forfeit it at the end of that term. (3) That the sale was not complete as between these parties until the delivery and acceptance of the policy by McKindly, and if the jury find the defendant read over the policy to the plaintiff, as his evidence tends to show, the plaintiff cannot recover.

Upon the subject of the third request, the court charged that the contract was not completed until the policy was delivered to the plaintiff, and that if at the time of the delivery the defendant read it and made its meaning clear to the plaintiff, he would not be liable even if he had previously deceived the plaintiff; but that if in spite of such reading and explanation the defendant saw that the plaintiff was still laboring under the false impression which the defendant had previously and fraudulently made upon his mind, such reading and explanation would not purge the transaction of fraud.

The question of damages was submitted in accordance with the rule laid down by the supreme court, 69 Vt. 210.

*Dunnett & Slack* for the defendant.

*W. P. Stafford* for the plaintiff.

MUNSON, J. The plaintiff was permitted to testify that after paying the second premium and before the third became due, he read his policy through for the first time because of something he had heard, and that, not being able to understand it, he consulted counsel, and learned that it did not contain the guaranty nor permit the withdrawal which the defendant represented it did. The defendant claims that it was error to permit the plaintiff to state what he learned from his counsel. In view of the plaintiff's payment of the second premium it was permissible for him to show when he first learned of the deceit; and while this might have been done without repeating the statement of counsel, there was nothing prejudicial in the repetition, for it covered no more than was apparent from the policy, upon a construction conceded by the defendant.

One John H. Nelson was produced by the plaintiff, and testified that having just made application at his own house for a policy like the one in question, he went with the defendant at his request to the plaintiff's house, and was present at the opening of the interview between the parties. He afterwards testified, on cross-examination as is apparent from the question objected to, that he told the plaintiff what he thought of the policy. The plaintiff was then permitted to ask the witness what he told the plaintiff that he thought of it, and the witness replied that he told him that he had taken out the same policy himself, and that he thought it was a good investment. If the allowance of the question was a technical error, it is certain that the answer cannot have harmed the defendant.

The plaintiff was permitted, as a basis for estimating the damages, to show by a former representative of the Equitable Insurance Company that the cheapest policy that that company would have issued to insure the plaintiff for the two years in question would have cost a certain sum. Plaintiff's counsel afterwards conceded that in arriving at the damages the cost should be figured at a larger sum;

and the case was submitted to the jury upon the basis of this concession, and a verdict was returned accordingly. The evidence may have been improperly admitted, but if inadmissible it was rendered harmless by the action subsequently taken.

In giving his account of the interview in which the representations declared upon were claimed to have been made, the defendant testified that he told the plaintiff that the policy would be worth a certain sum "judged by the past experience of the company." The plaintiff was then permitted to draw from the defendant that the first policy of this kind that he knew of the company's issuing might have been as late as 1888, and that at the time he took plaintiff's application he did not know any policy of that class had matured or run twenty years, and that he could not have told that any had run ten years. The defendant claims that this was error because the representation so discredited was not one declared upon. But we think the plaintiff was clearly entitled to discredit the defendant by cross-examination upon any matter which he had testified to having stated in connection with the representations complained of.

The defendant claims it was error to permit the plaintiff to put in evidence certain parts of a rate book of the Mutual Life which the defendant had produced as the one he used in his interview with the plaintiff. The book being referred to and not produced, the exception need not be considered.

The court could not have complied with the defendant's first two requests to charge without disregarding our former holding in the same case as reported in the 69 Vt. 210. The defendant's claim that the case presented by the exceptions is not within that holding is not sustainable, as will sufficiently appear from a comparison of the cases.

The defendant was not entitled to a compliance with his third request as drawn, nor to more of the instruction asked than was given. It was not true that the plaintiff

could not have recovered, if it were found that the defendant read the policy to him. There can be an actionable deceit concerning a technical writing whose terms are made known. Bigelow on Fraud, 507; *Calkins* v. *The State*, 13 Wis. 389. The further charge upon the subject, which is criticised in the brief, was not excepted to.

*Judgment affirmed.*