## IN RE LUCY S. RUGGLES' WILL.

January Term, 1900.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON, START and

WATSON, JJ.

Opinion filed March 9, 1900.

Opinion refiled November 19, 1901.

*Construction of wills—Provisions importing a present absolute bequest in trust—Executors as trustees—Clause not a limitation upon the taking—*By the provisions of her will appearing from the opinion, a testatrix created a trust to be carried into effect by her executors in the establishment of a home for retired unmarried female teachers of limited means; and a clause of the will, authorizing her executors to pay over the trust fund to any corporation which would agree to carry out her testamentary wishes in regard to such home, was not a limitation upon the taking of the fund but an additional authority.

*Scope of exceptions to a judgment affirming a decree of the Probate Court distributing an estate disposed of by will—*Exceptions being taken to a judgment affirming a decree of the Probate Court by which a fund was decreed to an executor to be by him paid over to any corporation which would agree to carry out the testatrix' wishes, the Supreme Court could not dispose of the questions raised without considering and determining the nature and extent of the authority conferred upon the executor by the will.

*Practice in the Supreme Court—Motion for rehearing—*A motion for a rehearing on the ground that the Supreme Court had assumed to dispose of matters not before it, was entertained, and a brief was filed by the moving party; but, upon an examination of such brief, a further hearing was considered unnecessary and was not ordered.

THIS WAS AN appeal from the final decree of the Probate Court distributing the estate of Lucy S. Ruggles late of Bennington, who died testate. The County Court for the County of Bennington at its December Term, 1899, *Start,* J., presiding, *pro forma* and without hearing, affirmed the decree of the

Probate Court. The executor of the will in question and the next of kin of the testatrix excepted.

The decree of the Probate Court appealed from and affirmed, as above stated, decreed the residue of the estate, left after the distribution of certain specific legacies, to the executor of the will to be paid over by him to any corporation, municipal or otherwise, which would agree to carry out the wishes of the testatrix expressed in her will with reference to the establishment of a Home.

After the decision of the Supreme Court herein, a motion for a re-argument was filed, and, pending its consideration, the certificate to the Probate Court was stayed.

*Barber & Darling* and *F. T. Hammond* for the executor. *John B. Gale* for the next of kin.

MUNSON, J.   The testatrix has undertaken to provide a Home for retired unmarried female teachers of limited means. It is claimed in behalf of the heirs that the will contains no present gift of the estate, but only an authority for its disposal contingent upon the procurement of further aid, and that the failure of this contingency entitles the next of kin to a decree of the property.

The concluding testamentary expression is as follows: "I hereby authorize my executors to pay over the sum left by me as aforesaid for this purpose to any corporation, municipal or otherwise, which will agree to carry out my wishes as herein expressed for the establishment of the home, such agreement to be satisfactory to my executors in all respects."

It is contended that this is the only adequate language of disposal contained in the will, and that if there is any other testamentary expression deemed sufficient by the court, this later expression is inconsistent with it and must be held to supercede it.   But we think the will contains words importing

a present absolute gift; that the clause above quoted is not inconsistent with these earlier expressions; and that the bequest creates a trust to be carried into effect by the executors.

The testatrix first refers to the pecuniary condition of her relatives as justifying a dedication of her property to the memory of her parents, and thereupon says, "I give it "to the use hereinafter named. After making certain bequests of household and personal articles, she says of the residue, "I dispose of" it as follows. Then comes the development of her plan, which she commences with the statement, "I wish to establish a home, etc., and concludes with the statement, "I am exceedingly anxious that it should be established, and therefore bequeath to it all my money * * * ."

It is doubtless true that the testatrix' detailed statement of her plan is somewhat indefinite and disjointed, but we think that upon a careful consideration of the whole it will be seen that there is no real inconsistency. The testatrix has two foundations in mind. One is a small institution corresponding to her means, which comes far short of what her "head and heart suggest," but which she is willing to establish in the belief that its object will command additional support. The other is the larger institution which she has not the means to establish, but which she hopes will result from her efforts through the co-operation of others. The first she gives her property to found; the second she can only plan for and anticipate.

This view is sustained by several expressions in the will. She hopes what she has to give "will prove a nucleus" to which other donations may be added. She says the house can be built with a less number of rooms than would be desirable if the means were greater, and directs that the building be in such form as will admit of enlargement if funds should be obtained. She would be glad if a much larger sum could be raised at

once to erect a large and convenient building, but thinks that if her property amounts to twenty-six thousand dollars it would be best to found the institution as soon as convenient after her death. Her estate in fact amounts to thirty-three thousand dollars.

In view of what has been suggested we think it is clear that the final clause above quoted must be construed as an authorization to her executors to dispose of the fund in the manner stated for the immediate accomplishment of her full purpose if satisfactory arrangements could be made, and not as words of limitation making the taking of the fund contingent upon the procurement of such an arrangement. The latter construction would be at variance with the whole trend of the will. The only uncertainties anywhere recognized as arising from the want of funds are those relating to location and construction. The will discloses a definite purpose to have the institution inaugurated upon an amount well within the limit of her own estate; and the uncertainty of the means relied upon for its further development, and the limited scope of the institution in default of such means, cannot avail to defeat the gift.

The executor is entitled to a decree of the residue of the estate to be held for the purposes of the trust, free from the limitation contained in the decree appealed from.

*Decree reversed, and decree rendered in accordance with opinion, and ordered certified to the Probate Court.*

————

A re-hearing is sought upon the ground that there was a failure to argue the case fully, because of an understanding as to the scope of the inquiry different from that now found to have been entertained by the court; and upon the further ground that the court has assumed to dispose of matters not involved in the appeal. The briefs presented and the course of

argument at the former hearing were such that the motion cannot be entertained on the ground first stated.   The motion is entertained on the second ground; but upon an examination of the brief submitted with it, it is considered that a further hearing is unnecessary.

The case stands upon exceptions taken to a judgment rendered by the County Court affirming a decree of the Probate Court.   The hearing in the Probate Court was had to settle the executor's account and decree a distribution of the estate found in his hands.   This involved an inquiry as to the disposition of the estate made by the will.   Upon this inquiry, the court decreed the residue of the estate to the executor "to be paid over by him 'to any corporation, municipal or otherwise, which will agree to carry out' " the testatrix' wishes.   This necessarily covered a construction of the will as regards the manner in which the property was to be taken and disposed of, and was a denial of the claim of.the executor that the concluding clause was not a limitation of his trust but an additional authority.   The scope of the decree required of the Probate Court covered not only the person to take, but the capacity in which he was to take.   This court could not dispose of the exceptions without considering and determining the nature and extent of the authority conferred upon the executor.   The question whether the will created a trust lay at the bottom of the whole inquiry.

*Stay of certificate vacated.*