TOWN SCHOOL DISTRICT OF BRATTLEBORO *v.* SCHOOL DISTRICT No.
2 OF BRATTLEBORO.

May Term, 1898.

Present : TAFT, C. J., ROWELL, MUNSON, START and THOMPSON, JJ.

Opinion filed November 30, 1900.

*Construction of statutes—School law—No. 130, Acts of 1890, not repealed by No. 5, Acts of 1890—*No. 130, Acts of 1890, approved November 20, 1890, giving validity within the Brattleboro Graded School District to teachers' certificates granted by the prudential committee of that district, and providing that the district should receive the same share of the public money or school fund as before the passage of the act, was not repealed by No. 5, Acts of 1890, approved November 20, 1890, which provided that no person, other than the principal teacher of the highest department of a graded school, should teach a public school without having a certificate or permit from the county examiner, and which in terms repealed all acts or parts of acts inconsistent therewith.

*The conclusion justified by recognized rules of statutory construction—Presumption as to acts passed at the same session*—A repealing clause, which does not in terms refer to local and special. laws, may be held to relate to general laws only, and this principle is especially applicable to acts passed at the same session. Acts passed at the same session are to be construed, if possible, so as to give effect to each, as it is not to be supposed that the Legislature intended that they should repeal one another.

*The language of the earlier act and that of the repealing clause of the later afford some indication that the two acts were intended to stand together—Legislative journals in aid of construction*—References to the legislative journals of the session of 1890 are made for such light as they afford upon the question of construction under consideration, and from what they show it is fair to infer that possible modifications of the general law at that session were in the mind of the Legislature when No. 130 was passed. In this view some significance is to be attached to a provision of No. 130, that no public or general law should be so construed as to conflict with the provisions of No.130. While this could not operate as a restriction upon further legislative action, it may properly be considered in ascertaining the intended scope of the repealing clause of Act No. 5, subsequently passed.

*Constitutional law—No. 130, Acts of 1890, is constitutional*—No. 130, Acts of 1890, is not repugnant to article seven of the Bill of Rights. The legislature may confer upon cities, villages, and school districts, diverse privileges and powers without infringing the principle that government is instituted for the common benefit of the community and not for the particular advantage of a part of it.

*Construction of statutes—Meaning of language employed determined by manifest purpose of enactment—Share of Brattleboro Graded School District in public money determined by general law at time of division*—The provision of No. 130, Acts of 1890, that the Brattleboro Graded School District shall receive the same share of the public money " as before the passage of this act" means only that its proportionate share of the public money shall be unaffected by the act, as is shown by the manifest purpose of the enactment. The public money of the Town of Brattleboro is to be divided in accordance with the general law in force at the time of the division.

*V. S. 848 provides the only method of division of public money known to the present law*—By the school law of 1888, a graded school district in a town not having the town system of schools had its share of the public money determined on the basis provided by section 234, and a graded school district in a town having the town system had its share determined

upon another basis provided by section 141.  By No. 20, Acts of 1892, all towns were given the town system, the act containing a provision that incorporated school districts should in no way be affected by the provisions of that act.  Assuming that this provision as originally enacted applied to the division of public money, and required that a graded school district, in a town which did not previously have the town system, should have its share of the public money determined in accordance with said section 234 which was not then expressly repealed, still the kindred provision in the revision of 1894 can have no such application, for that revision expressly repealed the entire school law of 1888 and did not re-enact section 234.  Since the revision of 1894 took effect the only method of division of public money known to the law is that provided by V. S. 848.

*Practice in the Supreme Court—Suggestion of oversight—Motion for re-hearing—*
The procedure in this case, on a suggestion of oversight and of a desire for a re-hearing, may be noted.

CHANCERY.  Heard upon bill and supplemental bill and answers thereto, Windham County, September Term, 1897, *Ross,* Chancellor.  Decree in accordance with the prayer of the bill.  The defendant school district appealed.

The bill and supplemental bill were filed respectively May 29, 1897, and August 20, 1897, and set out that the selectmen of the Town of Brattleboro were threatening to divide the public school money then in the treasury of said town between the town school district and the Brattleboro Graded School District upon the basis of the aggregate attendance of scholars, and prayed for an injunction.  The Brattleboro Graded School District and the selectmen of the town were made defendants.

After the delivery of the opinion of the Supreme Court proceedings were taken by the orator for a further hearing upon its claim that No. 130, Acts of 1890, was repealed by No. 5, Acts of 1890, and upon the question as to what was the general law determining the division of said public money at the time in question.

*Waterman, Martin & Hitt* for the orator.

*Clarke C. Fitts, Haskins & Schwenk* and *L. M. Read* for the defendant district.

MUNSON, J.    It is provided by No. 130, Acts of 1890, approved Nov. 20, 1890, that certificates of qualification granted by the prudential committee of the Brattleboro graded school district shall have the same validity within that district as if granted under the provisions of the "present school law," and that the district shall receive the same share of the public moneys or school fund as before the passage of the act.    The plaintiff district claims that this act was repealed by No. 5, Acts of 1890, approved Nov. 26, 1890, which provides that no person, other than the principal teacher of the highest department of a graded school, shall teach a public school without having the certificate or the permit therein provided for, and which in terms repeals all acts or parts of acts inconsistent therewith.

It is true, as claimed by the orator, that Act No. 5 was presented by the committee as a new bill, and did not come before the houses until after No. 130 had become a law.    But various bills repealing or radically changing the existing law had been introduced early in the session and referred to committees, and it is fair to infer that possible modifications of the general law at that session were in the mind of the legislature when No. 130 was passed.    In this view the further provision of that act, that no general and public law should be so construed as to conflict with its provisions, is of some significance.    While this could not operate as a restriction upon further legislative action, it may properly be considered in ascertaining the intended scope of the repealing clause subsequently enacted.

The comprehensive language of the repealing clause does not preclude such an inquiry, for a repealing clause which does not in terms refer to local and special laws may be held to relate to general laws only.    A special authority conferred by the legislature is not necessarily affected by general legislation on the subject.    The two may stand together; one as the general law of the land, the other as the law of the particular case. *State* v. *Stoll*, 17 Wall. 425.    This view is especially applicable to acts passed at the same session, for it is not to be supposed that

the legislature intended that acts thus passed should abrogate and repeal one another. *Neill* v. *Keese*, 5 Tex. 23: 51 Am. Dec. 746. Consequently it is an established rule that acts passed at the same session are to be so construed, if possible, as to give effect to each. This rule applies to, and may control, the construction of a clause of express repeal; so that if there is an apparent intent to give the clause a qualified or limited operation, that intent will prevail over the literal and unqualified sense of it. Endl. on Int. of Stat. sec. 43 note. We think the recognized rules of statutory construction justify the conclusion that No. 5 was not intended to repeal No. 130.

But the plaintiff claims further that the special act in question is repugnant to the seventh article of our Bill of Rights, in that it permits the district to share in the public money without having its schools taught by teachers whose qualifications have been ascertained by the examination to which other teachers are subjected. The provision referred to is in substance that government is instituted for the common benefit of the community, and not for the particular advantage of a part of it. Doubtless the same effect is to be given to this provision that is given the requirement found in other state constitutions, that laws shall be general and for the equal benefit of all. But these provisions have never been understood to require that the same privileges be given to all municipal corporations of the same kind. Municipal corporations are agencies of government, and as such are peculiarly susceptible of legislative control. Cooley Cons. Lim. 389; *Williams* v. *Eggleston*, 170 U. S. 304. School districts are agencies of this character, created to maintain the public schools required by the Constitution. Cons. Vt. Chap. II. sec. 41; *Williams* v. *School District*, 33 Vt. 271; *Town of Barre* v. *School District*, 67 Vt. 108. The State is no more bound to establish a uniform system in the case of school districts than it is in the case of cities or villages. It can delegate more of its power to one municipality than to another, and vary its regulations in recognition of the different conditions and necessities of different localities. It is for the

legislature to say whether fewer or other safeguards than those elsewhere required are adequate to secure a proper use of the public moneys in the defendant district.

It appears then that the schools of the defendant district are such as entitle it to draw public money. But the orator claims that if Act No. 130 is in force, the division of public money must be in accordance with the law existing at the time of its passage, and not pursuant to provisions subsequently enacted. This claim is based upon the provision that the graded school district shall receive the same share of the public money as before the passage of the act. But the more obvious meaning of the language must yield to the manifest purpose of the enactment. Endl. sec. 295. The purpose of the legislature was not to secure to the Brattleboro districts a continuance of the existing method of division regardless of future changes, but to secure to the graded school district its proportion of the public money notwithstanding its want of the certificate which the general law made a condition of participation. We think the public money of the town of Brattleboro is to be divided in accordance with the general law in force at the time of the division.

*Decree reversed and cause remanded with mandate that the bill be dismissed with costs.*

Upon the delivery of the above opinion the solicitors for the orator suggested that certain material matters appeared to have been overlooked in the consideration of the case, and asked that the mandate be withheld to enable them to bring those matters to the attention of the court. The case was thereupon entered "with the court"; and in the vacation following the orator had leave to file a motion for a re-hearing embodying a statement of the grounds relied upon, and was directed to give a copy thereof to defendant's solicitor, who had leave to file objections to the granting of such motion. Upon the papers submitted under these orders, the court considered whether further hearing should be granted.

The point made in regard to the repealing clause will not be entertained as a ground of re-hearing, for the effect of that clause was not overlooked in disposing of the case, as clearly appears from the opinion.

It is true, as surmised by counsel, that the court assumed, without special consideration, that the result arrived at required a division in accordance with the provisions of V. S. 848. The motion is therefore entertained upon the second point made; but, upon consideration of the grounds set forth in its support, we are satisfied that the court was right in its assumption, and that a further hearing is unnecessary.

Sections 234–5, No. 9, Acts of 1888, provided that a part of the public money should be divided among the school districts of each town equally, and the remainder in proportion to the aggregate attendance; while sec. 141 provided that a graded school district in a town having the town system should share in all the public money upon the latter basis. Section 1, No. 20, Acts of 1892, made each town a single school district, but provided that incorporated districts should in no way be affected by the provisions of that act. The provisions of secs. 234–5 remained applicable to Brattleboro until the passage of No. 20, Acts of 1892, for it did not have the town system until given it by that act; and it is claimed that the graded school district will be favorably affected by the act unless the method of division established by secs. 234–5 is retained. If it be true that the orator remained entitled to this division under the act of 1892, it certainly has not been entitled to it since the revision of 1894 went into effect. It may be that the mere re-arrangement of these statutes as shown in secs. 664–5 and secs. 848–9 in chapters 36 and 45 of the revision, would not alter their effect; but this re-arrangement was accompanied by an express repeal of No. 9, Acts of 1888, without a re-enactment of the provisions of sec. 234. Conceding to the exception as originally enacted the effect claimed, it cannot have that effect as embodied in the re-

vision in connection with this repeal. The only method of division known to the present law is that given in V. S. 848.

*Motion overruled.*