GEORGE F. DAVIS *v.* B. M. R. NELSON'S ESTATE.

January Term, 1901. Re-hearing October Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER and START, JJ.

Opinion filed March 19, 1901.

Opinion on re-hearing filed November 29, 1901.

*Tender—Essentials of a good tender under V. S. 1691—How only a de-fendant may avail himself of a tender made under V. S. 1691 and refused*—If a tender is made under V. S. 1691 and refused, and the defendant on trial under the general issue insists upon the tender, and, with the burden as to the tender on him, satisfies the jury that a sufficient tender was seasonably made, that the tender was re-fused, and that the amount tendered has been kept good and paid into court, the verdict should be for the defendant, and the money paid·into court belongs to the plaintiff; but a tender under V. S. 1691, made and refused, is available to the defendant in no other way, and if such a tender is not so insisted upon and proved or admitted on trial, it cannot avail the defendant, and there is no error in a verdict for the plaintiff for the amount found due him, nor in a judgment on such verdict, nor in docket entries recording the verdict as returned and the judgment as rendered.

*Case distinguished—Spaulding* v. *Warner*, 57 Vt. 654, relates to a tender, under the provisions of V. S. 1692, in an action of tort, and is not applicable to the case of a tender under V. S. 1691.

*Case in Supreme Court on exceptions must be decided on the record*—When a case is before the Supreme Court on exceptions, matter set out in a sworn motion for re-argument, and not otherwise ap-pearing, is dehors the record that must govern in the decision of the case.

PETITION asking that a case in which verdict and judg-ment were rendered against the petitioner as defendant therein be brought forward and that the record or docket entry therein be amended. Heard by the court, Orleans County, March Term, 1900, *Watson*, J., presiding. The court made and filed a written statement of the facts by it found and thereupon the prayer of the petition was denied and the petition dismissed.

The petitioner excepted. The cause was heard on exceptions in the Supreme Court at its January Term, 1901, and after the decision of the same the petitioner moved for a re-argument. The motion was granted; proceedings were stayed, and, at the October Term, 1901, a re-argument was had.

*Bates, May & Simonds* and *F. W. Baldwin* for the petitioner.

*Young & Young* and *W. W. Miles* for the petitionee.

START, J. The petition was presented to the Orleans County Court at the March Term, 1900, and therein the petitioner asks that the case of B. M. R. Nelson's estate against him be brought forward from the docket of the September Term, 1898, and the record or docket entry therein be amended so that the defendant in said cause may recover costs that accrued after a tender was made. The County Court denied the prayer of the petition as a matter of law, and the case comes to this court on exceptions.

It appears, that, after the original suit was commenced, the defendant therein made a tender to the plaintiff of the sum of two hundred and twenty-five dollars and paid the same into court. At the September Term, 1898, the cause was tried by jury and a verdict returned for the plaintiff to recover the sum of two hundred and four dollars and seven cents; and judgment was thereupon entered on the verdict. The tender was made under V. S. 1691, which provides that the defendant in a civil action commenced in the County Court may, at least three days before the sitting of the court to which the writ is returnable, tender to the plaintiff, his agent or attorney, the amount of the demand for which suit is commenced, with the costs accrued at the time of making such tender; and, if the tender is refused, the defendant may give evidence of the same under the general issue in bar of the action, and on proof

thereof and payment of the money tendered into court, shall recover his costs.

A tender under this statute is only available in bar of the action, and to have this effect, it must be insisted upon on the trial and evidence thereof given under the general issue; and, if not so insisted upon and proved, it is waived and of no avail to the defendant. *Griffin* v. *Tyson,* 17 Vt. 35. The case was was tried by jury, and the issue of tender was for the jury, with the burden upon the defendant. It was necessary for him to show, that he tendered the same sum that he paid into court to the plaintiff, his agent or attorney, at least three days before the sitting of the court to which the writ was returnable; and that the tender was refused and had been kept good. The plaintiff had a right to controvert these issues of fact before the jury. If such evidence was before the jury and insisted upon, it became the duty of the court to instruct them, if they found for the defendant upon the issue of tender, to return a verdict for the defendant; and, upon the return of such a verdict, the money in court would belong to the plaintiff.

In *Peck* v. *Soragon,* 27 Vt. 92, the auditor found due the plaintiff one hundred and eighty-two dollars and twenty-five cents, and that the tender seasonably made and paid into court exceeded the sum and costs. The County Court rendered judgment for the defendant to recover his costs, and this court held that the judgment was correct. In *Woodcock* v. *Clark,* 18 Vt. 333, the tender was sufficient in amount, and this court reversed the judgment and rendered judgment for the defendant. In *Randall* v. *Bacon,* 49 Vt. 20, the tender was sufficient in amount, and the defendant had judgment for his costs. It does not appear that the tender was insisted upon, or that any evidence was given concerning it. In the absence of such showing, it is considered that the mistake, if any, in not giving evidence of, and insisting upon, the tender before the jury,

was made on the trial and before verdict and judgment, and that such mistake cannot be corrected upon petition to amend the record or docket entry, for in these there is no mistake. *Smith* v. *Hanscomb,* 41 Vt. 74; *Allen* v. *Thrall,* 41 Vt. 79; *Weeks* v. *Potter,* 54 Vt. 318; *Amazon Ins. Co.* v. *Partridge,* 49 Vt. 121.

The case of *Spaulding* v. *Warner,* 57 Vt. 654, relied upon by the petitioner, was an action of trespass and is not in point. A tender in such actions is authorized only by V. S. 1692, which provides for a tender of amends in actions of tort, and by its terms makes the defence of tender of sufficient amends dependent upon whether the court is of the opinion that the defendant acted in good faith in the matter complained of, and upon the discretion of the court. *Adams* v. *Morgan,* 39 Vt. 302.

*Judgment affirmed.*

---

October Term, 1901.

ROWELL, J. After the decision of this case as above shown, the plaintiff moved for a reargument, for that the court was in error in turning the case on the point that the tender was not insisted upon before the jury, because the defendant admitted on trial that the tender was sufficient to cover the rent and the costs accrued at the time it was made.

The motion was granted, and a reargument has been had. But the trouble is, that the exceptions and the "facts found," supplemented by the docket entries below, by which alone we must be governed, do not show that such admission was made, but show that the tender was not seasonably made, as it was made on the 3d of August, 1896, whereas it should have been made at least three days before the sitting of the court at the February Term, 1896, to which the writ was returnable. V. S. 1691. So we cannot take cognizance of that admission,

although it is alleged in the motion for reargument, which is sworn to by the plaintiff; for a matter dehors the record thus brought forward, cannot be allowed to influence the decision upon the record, which shows that the plaintiff was not entitled to costs after tender made, as the tender was not good in point of time.

Nor does it appear that there is any error nor shortage in the record of the county court, but the contrary.    The only judgment rendered was "on the verdict," and as that was for these defendants the judgment was necessarily so.    Therefore, in the language of the "facts found," the error, if any there be, "was in the judgment rendered and not in the record." But there was no error in the judgment rendered, as the case is presented, as we have seen, for the tender was not good and no admission that it was.

As the record shows that the judgment of the county court is right, it must stand, whatever may be said of the ground on which it was rendered.

*The plaintiff takes nothing by his reargument, and stay of proceedings is vacated.    Let the defendants recover costs incident to this motion.*