CHRISTIAN DIETRICH *v.* LYDIA HUTCHINSON, ET AL.

January Term, 1903.

Present: TYLER, START, WATSON and HASELTON, JJ.

Opinion filed August 3, 1903.

*Allegations—Former decision in same case.*

A former decision in a cause will not be changed upon the same allegations.

APPEAL IN CHANCERY. Heard on demurrer to the amended bill, at the December Term, 1901, Caledonia County, *Munson,* Chancellor. Dumurrer sustained and bill dismissed. The orator appealed.

*Fred C. Cleveland* and *E. W. Smith* for the orator.

The mortgage in question was a valid lien in equity on Lydia Hutchinson's sole and separate property, *Frary* v. *Booth,* 37 Vt. 83; *Curtis* v. *Simpson,* 72 Vt. 235. An understanding between husband and wife that the latter may hold her property to her sole use may be implied. *Willard* v. *Dow,* 54 Vt. 188.

The amendment asserts that as part consideration for the deed to Lydia it was agreed that the mortgage should be given, and that defendant Deavitt knew all about it.

*Edward H. Deavitt pro se.*

The petition and amendments set forth no facts in addition to those before the Court at the former hearing of this case, and do not show how the non-joinder occurred, or what the facts are with respect to it. *Child* v. *Insurance Co.,* 56 Vt. 609; *Sawyer* v. *Cross & Son,* 66 Vt. 616; *Sherman* v. *Organ Co.,* 69 Vt. 356; *Hunt* v. *Railroad Co.,* 59 Vt. 294.

It is not alleged that any request was made on Lydia Hutchinson to remedy the defect, though she did not convey for nearly four years after the alleged agreement. Defendant Deavitt was under no obligation to execute a quit-claim deed. *Railroad Co.* v. *Steinfield,* 42 Oh. St. 449; *Eastman* v. *Water Power Co.,* 24 Minn. 437; *Fink* v. *Farmers' Bank,* 56 Am. St. Rep. 746; *Kelley* v. *Insurance Co.,* 27 N. Y. App. 336; *Brainerd* v. *Van Dyke,* 71 Vt. 363.

START, J. When this case was before this Court and heard upon the report of the special master, as reported in 73 Vt. 134, 50 Atl. 810, it was held that the mortgage executed by Lydia Hutchinson and her husband, and sought to be foreclosed, was void because the name of the husband was not inserted in the body of the mortgage deed as a grantor; that this could not be validated without statutory power therefor; that the transaction could not be treated as an equitable mortgage; that the defendants did not hold the premises in trust for the petitioner; that we could not well say, from the record, whether the necessary elements to make a case for recission of the contract existed; and thereupon the case was remanded to the Court of Chancery without directing a final decree against the petitioner, but leaving him at liberty to apply further if he should be so advised.

After the cause was remanded to the Court of Chancery, the petitioner there attempted to amend his petition; but in

doing so he brought no material fact upon the record that was not in the original petition, or the report of the master, and considered by us on the former hearing. It does not appear why the name of the husband was not inserted in the body of the mortgage as a grantor. It may have been omitted by mistake, ignorance of the draftsman, fraud of Mrs. Hutchinson, or by the mutual agreement of the parties. We are not informed of the reason for the omission. It is still a matter of conjecture. We are no better informed, nor have we any other or different facts from those before us on the former hearing, when we considered that the necessary elements for a recission of the contract were not before us, and left the petitioner at liberty to apply further if so advised. The facts now before us being the same as those considered by us when we held that, on the petitioner's showing, he was not entitled to the relief prayed for, the holding, in this respect, must be the same as it was then. *Childs* v. *Millville Ins. Co.,* 56 Vt. 609; *St. Johnsbury & Lake Champlain R. R. Co.* v. *Hunt,* 59 Vt. 294; *Stacy* v. *Vermont Central R. R. Co.,* 32 Vt. 551.

*Decree affirmed and cause remanded.*