ISRAEL GUILMONT'S ADMR. *v.* CENTRAL VERMONT RAILWAY COMPANY.

January Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed July 2, 1909.

*Law of the Case—Basis—Application to Actions for Negligence.*

The rule that a decision in a case by a court of last resort becomes the law of that case is neither the doctrine of *stare decisis* nor of *res judicata*, though akin to each; but results from the requirement of public policy that a case shall not repeatedly go to the Supreme Court on the same question.

Where, in an action for death by defendant's wrongful act or neglect, the Supreme Court has decided the questions of negligence and contributory negligence, on exception to the holding of the trial court that on all the evidence plaintiff cannot recover, the rule of "the law of the case" precludes a reconsideration of those questions by the Supreme Court on exception to a like holding on substantially the same evidence, in a subsequent trial of the same case.

CASE for negligence. Plea, the general issue. Trial by jury at the September Term, 1907, Washington County, *Waterman*, J., presiding. Verdict directed for the defendant, and judgment thereon. The plaintiff excepted. The opinion states the case.

*Hunton & Stickney* for the defendant.

*F. L. Laird, M. M. Gordon* and *R. A. Hoar* for the plaintiff.

HASELTON, J. The plaintiff is the administrator of the estate of Israel Guilmont deceased. This action was brought under the statute to recover, for the benefit of the wife and next of kin of the plaintiff's intestate, their damages on account of his

death alleged to have been caused by the wrongful act or neglect of the defendant company. This case was twice tried. On the first trial exceptions were taken by the defendant and the case having been heard in this Court on such exceptions, it was held that, on the evidence, a verdict should have been directed for the defendant. See this case, 78 Vt. 185. The case having been remanded, a second trial was had, and at the close of the evidence a verdict was directed for the defendant. The case is now here on exceptions by the plaintiff, and the sole exception relied on was taken to the action of the court in directing such verdict.

One of the defendant's locomotives, which was drawing a freight train over its road from Montpelier to Barre, struck the plaintiff's intestate at a grade crossing while he, as a traveller, was driving across the railroad track. His death was the result of injuries so received and ensued almost immediately thereafter. On the evidence at the first trial, this court held as matter of law that the plaintiff's intestate was guilty of contributory negligence, and that there was no negligence on the part of the defendant which was a proximate cause of the catastrophe.

The plaintiff's counsel insists that this holding of the court was wrong. However, in this same case that holding may not be reviewed. *Dietrich* v. *Hutchinson*, 75 Vt. 389, 56 Atl. 6; *McKindly* v. *Drew*, 71 Vt. 138, 41 Atl. 1039; *Sherman* v. *Estey Organ Co.*, 69 Vt. 355, 38 Atl. 70; *Amsden* v. *Atwood*, 68 Vt. 322, 35 Atl. 311; *St. Johnsbury &c. R. Co.* v. *Hunt*, 59 Vt. 294, 7 Atl. 277; *Childs* v. *Insurance Co.*, 56 Vt. 609; *Baker* v. *Belknap's Estate*, 39 Vt. 168; *Sturges* v. *Knapp*, 36 Vt. 439; *Stacy* v. *Central Vermont R. Co.*, 32 Vt. 551.

The principle that a decision in a case by the court of last resort becomes the law of that case is so well established as to make discussion a work of supererogation. The doctrine is not that of *stare decisis* nor yet that of *res judicata* though akin to each. It rests for its absolute integrity upon sound public policy which does not permit the parties to a case to go again and again to the Supreme Court upon the same question. There must be an end of litigation. The principle is applied in cases like this, that is, in cases in which the decision sought to be reviewed is a holding that on all the evidence the plaintiff can not recover. We do not find any warrant in reason or authority

for treating such a decision, as is here criticised, as in any way exceptional. It is, nevertheless, the desire of courts to rectify any mistakes into which they may fall through oversight when they can do so without contravening public policy and without working further injustice. And so in many jurisdictions there are provisions by which an application for a rehearing may be made and heard, and so this Court has established a conservative practice under which for sufficient cause shown a rehearing may be had. *Town School District* v. *District No. 2*, 72 Vt. 451, 48 Atl. 697; *In re Ruggle's Will*, 73 Vt. 358, 51 Atl. 8; *Davis* v. *Nelson's Estate*, 73 Vt. 331, 50 Atl. 1094. The practice was recognized in *State* v. *Franklin County Savings Bank*, 74 Vt. 246, 52 Atl. 1069, as appears from the opinion in *Van Dyke* v. *Drew*, 81 Vt. 399, 70 Atl. 593, where a rehearing was sought under a recent statute applicable to chancery cases.

During the oral argument of this case one of the counsel for the plaintiff stated that the matter of an application for a rehearing was considered but was not acted upon.

It is agreed by counsel on both sides that the evidence on the trial which we are now considering was the same as the evidence on the former trial except that one Lowe, who did not testify on the former trial, was a witness on the latter trial. An examination of the testimony of this witness, in connection with all the other testimony, shows that his testimony did not tend to vary in any material respect the case as it was formerly presented to this Court. Indeed the argument of the plaintiff is throughout a criticism of the former decision and an assertion of its unsoundness.

The propositions advanced by the plaintiff are not open for consideration. On the evidence the court below was bound to apply the law of the case as determined in this Court and to take the action which it did.

*Judgment affirmed.*