## Clark H. Mason v. James O. Chase

[132 A2d 169]

February Term, 1957.

Opinion Filed May 7, 1957.

*Loveland & Hackel* for the petitioner.

*Lawrence & O'Brien* for the petitionee.

**Jeffords, C. J.**   This is a petition for a new trial brought to this Court. The ground of the petition is that counsel for the petitioner acted under a mistake of law but in an area where the law was unsettled.

When this case was last before us, 119 Vt 283, 126 A2d 89, the petitioner stated in his reply brief:

> "In the instant case, the records of Rutland County Court relating to *Mason* v. *Clarence Carr*, Volume 73, page 590, and the docket entries in that cause, both record the Court's permission for execution forthwith. If this Court takes the view that the inclusion of this portion of the County Court records is essential to plaintiff's case, then we ask that, in order that justice may be done, the Court remand the cause for the purpose of introducing all of the court records in *Mason v. Clarence Carr*."

Our reply to this request was as follows:

2

"The plaintiff requests that, in order that justice be done, the cause be remanded for the purpose of introducing all of the court records in the case of *Mason* v. *Clarence J. Carr* which, he says, show the Court's permission that execution issue forthwith. The case has been tried twice in the county court and this is the second appeal here. The execution was received in evidence against the defendant's objection and exception that it was unlawfully issued. Considerable discussion was had and the plaintiff then had notice of the importance of his proof. The files and court records were easily and readily available to him at that time and he could have introduced them if he saw fit. His request for a remand is refused."

The essence of the petition is that the petitioner be given permission to do by another method the very same thing we refused to let him do in our previous opinion. In short, that we change our refusal to a consent.

The petitionee asserts that this question is, in effect, *res judicata*.

No motion for a reargument was made when our prior opinion was handed down. It became a final judgment in the case.

█ The facts relevant to the point above decided remain unchanged. The affidavit of the judge who presided at the trial below adds no new facts as he merely states facts which appear in the transcript of the evidence in the case. It follows that our decision on this point will not be changed whether it made this matter *res judicata* or became the law of the case. See in this connection *Guilmont's Admr.* v. *C. V. Ry. Co.*, 82 Vt. 266, 73 A 580, and *Sherman* v. *Estey Organ Co.*, 69 Vt 355, 356, 38 A 70.

*Petition dismissed with costs.*